PROVOSTY, J.
Upon the petition presented to one of the justices of this court in vacation' for the writ of certiorari herein, it having appeared that there might be some ground for the granting of the writ, the usual order to show cause (which decides nothing, but is granted as a mere preliminary step) was issued to the learned trial judge. He answered that, in his opinion, the case was a proper one for the issuance of the writ, and that he consented thereto; his reason being, doubtless, that the point raised had never been passed on by this court, and that it might be well that the views of this court might be had upon it for the guidance of trial courts.
*719 The defendant company is sued for a peddler’s license. It keeps a stock of dry goods in the city of Shreveport, and sends out agents over the city in buggies, with goods out of this stock to be disposed of on the installment plan. The- agent exhibits and offers the goods to the customer, and, upon acceptance of the offer, makes delivery at once. He has no authority, however, to deal for cash, but only on a credit, and, be the thing delivered a pocket handkerchief, or a pair of socks, or whatever else out of his pack, he executes with the customer a written contract, purporting to be a lease, stipulating the payment of rentals at fixed periods, with reserve of right on the part of the lessor to take back the object in case of nonpayment, but on the condition that after full payment of the rentals the lessee may become the purchaser of the thing upon the additional payment of one cent.
No contention is made that this is not for all practical purposes a sale of the goods; but the contention is that the agents have no authority to make completed contracts, but only to deal subject to the subsequent approval of the manager of the defendant company, that, if the manager disapproves of the deal, the thing left with the customer is taken back, and the legal situation is then as if there had been no deal at all.
The contracts are made by the filling out of the blanks in a printed form and the signing of this form by the customer. On this form the signature of the defendant company is printed at the place where the manuscript signature would be. Nothing in this form indicates that the contract is to be subject to the approval of the manager. The manager, however, testifies that such is, nevertheless, the fact.
Be that as it may, we do not see that it can make any difference when and where the contract becomes complete by the acceptance of the defendant company, so long as the goods are hawked about and delivered as in the case of ordinary peddling. It is not for the privilege of consenting to the contract that the peddler’s license is exacted, but for the better opportunity that is afforded to the merchant of disposing of his goods by carrying them around from door to door, and exhibiting them, with offer of immediate delivery.
Defendant’s learned counsel can discern no difference between the mode of doing business by sending agents around with the goods themselves for immediate delivery of the article itself that is exhibited to the customer, and the mode by sending agents around with samples, delivery to be made thereafter of goods to correspond with the samples.
There may be no difference between these two modes of doing business in so far as the iaw of sales is concerned '.after the sales have been consummated by consent and delivery ; but there may be a vast difference in so far as the opportunity for securing customers is concerned, and it is for the latter that the license is exacted.
The rule nisi is therefore recalled at the cost of the relator, L. B. Price Company.